UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER WHITE (#365408)                                    CIVIL ACTION

VERSUS

LT. HOWARD BROWN, ET AL.                                       NO. 13-0017-JJB-RLB

**O R D E R**

This matter comes before the Court on the plaintiff's request for preliminary injunctive relief, rec.doc.no. 9.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Howard Brown, Capt. James Dauzat, Col. Ray Victtorio and Warden Tim Delaney, complaining that defendant Dauzat issued the plaintiff a false disciplinary report on July 24, 2012, and that defendant Brown subjected the plaintiff to excessive force on that date, at the direction of defendant Dauzat.

In the instant motion, the plaintiff asserts that he is in fear for his safety and is concerned that the defendants will retaliate against him for the filing of the instant lawsuit. He prays for an Order preventing any defendant from being allowed to work near him or have access to his housing unit.

The plaintiff is not entitled to the relief requested. In order to obtain a preliminary injunction, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." Id.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. His allegations are entirely conclusory, and he does not allege that he has been subjected to any harm in fact since the incident complained of in the Complaint or since the filing of either the Complaint or the administrative grievance which he submitted relative to that incident. Further, there are no corroborating facts or details which lend credible support to his assertions, and his mere "fear" of potential wrongdoing by the defendants does not support his claim for injunctive relief. Accordingly, there is no factual basis for concluding, in the first instance, that there is "a substantial likelihood that he will prevail on the merits" or that he will suffer irreparable injury if injunctive relief is not granted. Accordingly, on the record before the Court, the plaintiff has not made out a showing of entitlement to injunctive relief, and it appears that his claims may be adequately addressed in this ordinary proceeding. Therefore,

**IT IS ORDERED** that the plaintiff's request for preliminary injunctive relief, rec.doc.no. 9, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, April 19, 2013.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA